PEOPLE ex rel. McELWEE v. PRODUCE EXCH. TRUST CO.

(Supreme Court, Appellate Division, First Department.   July 17, 1900.)

1. MANDAMUS—PEREMPTORY. WRIT—QUESTIONS OF FACT.
    Under Code Civ. Proc. § 2070, providing that a peremptory writ of mandamus can be granted only where questions of law are presented to the court, where relator, a stockholder in a corporation, asked for a peremptory writ to compel it to allow an examination of its books, and the facts set up in his affidavit were denied by the counter affidavits of the corporation, the writ was properly denied, since questions of fact were presented.

2. CORPORATIONS—INSPECTION OF BOOKS—RIGHT OF STOCKHOLDER.
    Where relator, a stockholder in a corporation, applied for a peremptory writ of mandamus to compel it to allow an examination of its books because he desired to ascertain the facts concerning a loan made by the corporation, in order to lay them before the attorney general, to use in making the officers who incurred the loan account for any deficit arising from their misconduct, the writ was properly denied, since a stockholder has no right to examine the books of the corporation for such purposes.
    Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Application by the people, on the relation of Alexander McElwee, for a peremptory writ of mandamus to compel the Produce Exchange Trust Company to allow an examination of its books.   From an order denying the writ, relator appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Alexander S. Bacon, for appellant.
William J. Curtis, for respondent.

RUMSEY, J.   It appears from the moving papers that one Patterson had borrowed from the respondent company a large amount of money, giving as collateral the stock of a certain company organized in Altoona, Pa.   The relator claims that there was some impropriety in the making of this loan, and, being the owner of five shares of the capital stock of the trust company, he demanded an inspection of its books and papers, so that he could ascertain the facts with regard to the loan, for the purpose, as he says in his moving papers, of getting exact and legal proof as to the character of the loan, and to get available proof of the transaction, so that this proof might be placed at the disposition of the district attorney and the attorney general, so that it might be used to cause the parties to make good any deficit, should any occur by reason of their misconduct.   The application for a peremptory writ of mandamus was denied, and from the order denying it this appeal is taken.

That the court has power to require a corporation to exhibit to one of its stockholders its books and papers is not to be denied.   This power, however, is not to be exercised as a matter of course, but only at the discretion of the court, where it appears that the inspection is sought to accomplish something which it is the right of the stockholder to know, and not merely to annoy the corporation, or for some other purpose than the protection of the stockholders' interests.   In re. Steinway, 31 App. Div. 70, 52 N. Y. Supp. 343, af-

firmed in 159 N. Y. 250, 53 N. E. 1103; In re Pierson, 44 App. Div. 215, 60 N. Y. Supp. 671. The facts which make it proper to exercise its discretion in a given case must be made to appear by the moving papers, and unless those facts exist the discretion of the court will not be exercised. By section 2070 of the Code of Civil Procedure, a peremptory writ of mandamus can be granted only where a question of law is presented to the court; and, in the construction of that statute, it has been held that where the allegations in the moving papers which are relied upon to warrant the issue of a peremptory writ are denied, or contradictory or explanatory facts are set up in the opposing affidavits, the writ will be granted only when a case is made assuming that the facts set up in the opposing affidavits are true. People v. City of Brooklyn, 149 N. Y. 223, 43 N. E. 554; People v. Keating, 49 App. Div. 123, 63 N. Y. Supp. 71. The respondent here has denied nearly all of the material facts set up in the moving papers upon which the court was asked to exercise its discretion, and, if those are excluded from consideration, sufficient is not shown to require the court to grant the writ, and the denial of the motion was proper.

But it has also been held that a peremptory writ of mandamus will not be granted to compel a corporation to exhibit its books and papers for the purpose of ascertaining whether facts exist which would authorize an application to the attorney general to dissolve the corporation or to appoint a receiver, or to enable the relator to begin criminal proceedings against the officers of the corporation for a violation of their duties. In re Pierson, supra. As it is alleged in the petition here that the object of this application is to obtain information to be placed at the disposal of the district attorney and the attorney general, and also to be used to cause the parties to make good any deficit occasioned by their misconduct, it would seem that the case just cited also affords a good reason why this motion should be denied, irrespective of any dispute as to the facts in the moving papers.

The order should therefore be affirmed, with $50 costs and disbursements.

PATTERSON, O'BRIEN, and HATCH, JJ., concur.

VAN BRUNT, P. J. (dissenting). I think that under the rule established in the Steinway Case, 159 N. Y. 250, 53 N. E. 1103, the motion should have been granted. I therefore dissent.