PEOPLE ex rel. LEHMAN v. CONSOLIDATED FIRE ALARM CO.

(Supreme Court, Appellate Division, First Department.   February 3, 1911.)

1. CORPORATIONS (§ 181*)—STOCKHOLDERS—EXAMINATION OF BOOKS—RIGHT.
     A stockholder of a corporation is entitled as matter of right to inspect
     the books of the corporation for a proper purpose and at a proper time
     and place.
     [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 674–685;
     Dec. Dig. § 181.*]

2. MANDAMUS (§ 129*)—STOCKHOLDERS IN CORPORATION—RIGHT TO INSPECT
     BOOKS—ENFORCEMENT—MANDAMUS.
     Where the right of a stockholder to inspect the books of the corporation
     is denied him by the corporation's officers, it may be enforced, in the ex-
     ercise of discretion, by mandamus.
     [Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 264; Dec. Dig.
     § 129.*]

3. MANDAMUS (§ 155*)—PROCEDURE—DEMURRER.
     Where relator in mandamus proceedings, instead of asking for an al-
     ternative writ, stood on the moving papers and the opposing affidavits, he
     was in the position of a demurrant.
     [Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 155.*]

4. MANDAMUS (§ 129*)—STOCKHOLDERS IN CORPORATION—EXAMINATION OF COR-
     PORATE BOOKS—PURPOSE.
     Where in a mandamus to compel a corporation's officers to permit a
     stockholder to examine its books, the opposing affidavits charged that the
     relator's motive was to obtain information to furnish to the president of
     a competing company, who had at various times attempted to get in-
     formation as to the corporation's contracts, prices, and methods of busi-
     ness, and in support thereof offered affidavits of two persons, who had
     made affidavits to the relator, that they were procured to make such affi-
     davits by the president of such competing company, the answering affida-
     vits sufficiently showed cause for denying the writ.
     [Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 129.*]

Appeal from Special Term, New York County.

Mandamus by the People, on the relation of Abraham Lehman,
against the Consolidated Fire Alarm Company.  From an order di-
recting the issuance of a peremptory writ, commanding defendant, its
officers, and agents to permit relator to examine its books, papers, doc-
uments, and records, and to take extracts therefrom, defendant ap-
peals.  Reversed, and petition denied.

Argued before INGRAHAM, P. J., and CLARKE, McLAUGH-
LIN, MILLER, and DOWLING, JJ.

Peter B. Olney, for appellant.
Jay C. Guggenheimer, for respondent.

MILLER, J.  It is settled in this state that a stockholder has the
right for a proper purpose and at a proper time and place to inspect
the books of his corporation, and that, if that right is denied him by
the officers of the corporation, the Supreme Court may in its sound
discretion issue a writ of mandamus to compel an inspection.  Matter
of Steinway, 159 N. Y. 250, 53 N. E. 1103, 45 L. R. A. 461.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Instead of asking for an alternative writ, the relator stood upon the moving papers and the opposing affidavits, and he is therefore in the position of a demurrant. Matter of Steinway, supra, and cases cited at page 254 of 159 N. Y., and page 1104 of 53 N. E. (45 L. R. A. 461). It is charged in the opposing affidavits that the motive of the relator was to obtain information to furnish to the president of a competing company, who had at various times attempted to get information as to the appellant's contracts, prices, and methods of doing business; and in support of that charge affidavits were presented of two persons who had made affidavits for the relator, to the effect that they were procured to make such affidavits by the president of said competing company. An examination will not be allowed for an ulterior purpose or to embarrass the corporation. Matter of Pierson, 44 App. Div. 215, 60 N. Y. Supp. 671; Matter of Kennedy, 75 App. Div. 188, 77 N. Y. Supp. 714; Matter of Taylor, 117 App. Div. 348, 101 N. Y. Supp. 1039.

The order should be reversed, with $10 costs and disbursements, and the petition denied, with $50 costs. All concur.