In the Matter of the Application of NATIONAL SURETY COMPANY, Respondent, for a Peremptory Mandamus Order against GEORGE F. WALLACE, Treasurer of Herkimer County, Appellant.

Fourth Department, November 2, 1927.

Highways — construction — contractor defaulted and surety took over work — contract was subsequently modified — liens existed against original contractor — payment claimed by petitioner will not be ordered paid by mandamus order.

A peremptory mandamus order was granted by the court below compelling the defendant, as treasurer of the county of Herkimer, to pay to the plaintiff a sum claimed to be due under the terms of the contract between the plaintiff and the county for the construction of a highway. The original contract on which the plaintiff was a surety was abandoned by the original contractor and subsequently the plaintiff entered into a contract with a third person for the completion of the work. Thereafter the plaintiff and the county modified the original contract. Liens were filed against the original contractor and before the present proceedings were instituted actions had been commenced to foreclose all of the liens which had been filed except two which had been filed within three months prior thereto. It appears that the original contractor is insolvent.

The petitioner notwithstanding the modification of the contract stands in the shoes of its principal, and the interests of the county should not be jeopardized by compelling it to pay to the petitioner an amount retained by the county for the protection of lienors of the original contractor.

APPEAL by the defendant, George F. Wallace, from a peremptory mandamus order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Herkimer on the 21st day of February, 1927, ordering defendant to pay petitioner $17,118.54 upon presentation of a certain estimate issued by the superintendent of highways of Herkimer county.

*George H. Bunce*, for the appellant.

*Kernan & Kernan* [*Warnick J. Kernan* of counsel], for the respondent.

TAYLOR, J.   In June, 1923, James J. Doyle made a contract with the county of Herkimer for improving a county and town road. The respondent, National Surety Company, went upon the contractor's bond (in the usual form) as surety for his faithful performance of the contract. The work was to be completed before November 1, 1924.   May 12, 1926, the county superintendent of highways served a notice on the contractor that he had failed so to proceed as to insure completion on time, and that he had forfeited his right to complete.   Twelve days later the superintendent served a notice on the contractor and the surety company, referring to the former notice, to the effect that the contractor had forfeited all his rights to complete under the contract and that it had been canceled.   The surety company was also notified that it must complete the contract and that it would be held responsible for its completion and for damages on account of the default of Doyle.

The estimated cost of the work was $130,544.   On May 24, 1926, Doyle had been paid on account $86,719.44.   There was still due him $6,070.78, and $10,294.52 had been retained by the county as a percentage.   By September 24, 1926, liens in the amount of over $42,000 had been filed on claims for materials and labor furnished to Doyle.

On June 30, 1926, the surety company made a contract with one Hopkins for the *immediate commencement* and completion of the improvements.   In this contract matters which had been involved in the Doyle-County of Herkimer contract were mentioned in the " Whereas " clauses, and the following provisions were incorporated:

" The aforesaid contract between the said James J. Doyle and the County of Herkimer, New York, together with the plans and specifications and alterations thereof as provided therein and herein, and the bond aforesaid of the National Surety Company are hereby referred to and made a part of this contract with the same force and effect as though fully set forth herein.   *   *   *

" The party of the second part hereby agrees to complete, and

at the item prices hereinafter set forth, the improvement of said road in a good and workmanlike manner in accordance with the said [Doyle-Herkimer County] contract, plans and specifications therefor * * *.

" It is understood and agreed that second party shall have the free use of all tools, machinery, equipment, appliances and materials of the former contractor now on the said road. * * *

" Upon the execution and delivery of this contract, party of second part agrees to take immediate possession of the above mentioned equipment in the name of the party of the first part."

On August 24, 1926, the surety company consented to substantial amendments of the original plans and specifications and entered into a contract with the county of Herkimer. In this contract occur the following provisions:

" WHEREAS, on May 24th, 1926, the County Superintendent of Highways of Herkimer County declared said [original] contract forfeited by the said Doyle and that the same was and had been cancelled, and served notice of such forfeiture and cancellation on National Surety Company, as surety, and demanding that it proceed with the completion of said contract; and

" WHEREAS, The National Surety Company, as surety, and in accordance with said demand, has started work for the completion of said contract, * * *

" Party of the first part, National Surety Company, hereby consents to the amendment to plans and specifications, in accordance with and as particularly shown on schedule hereto attached and made a part hereof, with the same force and effect as if the original plans and specifications had been so written, and agrees to furnish all labor and material provided for in said schedules hereto attached and forming part of this agreement, and at the prices therein set out in accordance with the terms of the said contract between said Doyle and Herkimer County. * * *

" The County of Herkimer agrees to pay to said National Surety Company, party of the first part, the prices mentioned in this agreement and plans and schedules hereto attached for the quantities of labor and material actually used and performed estimated to amount to a total of $151,856.30, less the amount heretofore paid said Doyle, namely, in the same manner as is provided in the said contract between Doyle and the County of Herkimer, hereinbefore referred to.

" 3. Except as herein otherwise specifically provided, the said contract between the County of Herkimer, New York, and J. J. Doyle shall remain in full force and effect, except as affected by the notices of cancellation heretofore served as hereinabove referred to."

On August thirty-first a new and supplemental contract was made between the surety company and Hopkins, making the amended plans and specifications a part of their old contract.

The county later recognized an obligation to the surety company under its estimate No. 19 for $22,059.87. But on November 15, 1926, under estimate No. 20, for $17,118.54, payment was refused by the county, although there were sufficient funds in the superintendent's hands to make payment.

On February 7, 1927, a peremptory mandamus order was made ordering the county of Herkimer to pay the said amount of $17,118.54, upon presentation of the estimate. The original contract between Doyle and the county provided: " The owner may retain out of the moneys due or to grow due the Contractor, sufficient moneys to pay all persons who shall do work or furnish materials for the party of the first part and shall have filed a statement or claim therefor with the County Superintendent of Highways, which moneys may be retained by the party of the second part until such claims or any liens that may be filed in pursuance to law shall have been fully paid."

It appears that prior to January 29, 1927, the date of the application for the mandamus order, actions had been commenced and were pending in the Supreme Court of the State of New York for the foreclosure of all the liens which had been filed, except two — and that three months had not elapsed since those two were filed.

It also appears that the contractor is insolvent, and has not sufficient means or property to pay the said claims of the lienors, if the same should be established, and that the amount to which either the petitioner or the lienors are entitled has not been established.

Defendant, appellant, makes the claim that the surety proceeded to complete the contract in the place of its principal and that the county had the right to retain the money in the county treasurer's hands which the petitioner sought to obtain until all claims and liens had been established or dismissed or discharged.

The appellant states that he does not expect to obtain a decision establishing the relative rights of the lienors, the assignees, the surety, the contractor and the county, but only that the mandamus order should be reversed and vacated and the county treasurer advised to hold all money due, earned and unpaid until the relative rights of the parties claiming to be legally interested have been adjusted by a proper court.

The mandamus order in no wise affects either the $6,070.78 due to Doyle when he abandoned the contract, nor the $10,294.52, which had been retained by the county.

Respondent calls attention to the fact that after Doyle's contract had been forfeited, the county superintendent, under the language of the contract, as one alternative, could advertise for proposals and award a contract for the completion of said work, and that the superintendent finally adopted this course by making a new contract with the surety company essentially different from the original contract. Respondent also urges that the provision in this contract that the surety company shall be paid " in the same manner as is provided in the said contract between Doyle and the County of Herkimer " strengthens its position in this regard. In the memorandum accompanying the mandamus order the learned court said that the county had a right to make a contract with somebody else, and that it exercised that right by making one with the surety company; that Doyle's lienors were not parties to the contract and, as far as the surety company was concerned, had no interest in it; and that the situation was no different from what it would have been had the contract been awarded to an entire stranger.

The claim of respondent that the contract of August 24, 1926, between the county and respondent was an original one, giving respondent the status and rights claimed, is open to question. It may at least be reasonably argued that the acts of the surety company as early as June, 1926, and the references made in the contracts between respondent and its contractor, Hopkins, and in the contract of August 24, 1926, all hereinbefore referred to, point to a recognition and continuance of the original Doyle-Herkimer County contract for the purpose of completion by the surety company; that the adoption of new plans and specifications and the increase in total price of completion are nothing more than details agreed upon in modification and amplification of the original contract; and that in all its essentials the contract of August 24, 1926, but ratifies and continues in modified form, for practical purposes, the old contract. In *Harley* v. *Mapes Reeves Construction Co.* (33 Misc. 626) the claimed " new contract " made was specifically held not to have been different from the old one, to have been a " mere matter of form in the carrying out of the original contract " and to have " created no new obligation whatever." In the instant case, if it should be later established, as in *Maneely* v. *City of New York* (119 App. Div. 376), that the surety completed the original contract as such, it would of course be held that the surety had stepped into the shoes of the principal as to lienors.

*Fosmire* v. *National Surety Co.* (229 N. Y. 44), cited by respondent, involved a bond worded exactly like the one in suit, which covered non-payments to laborers by the principal. It was held that the

bond did not give to an employee upon the work a cause of action against the surety. This was upon the theory that the security of the bond ran to the State (or other political division) alone, and that its dominant purpose, *i. e.*, protection to the State, might be destroyed if such laborers might sue the surety in their own right. This seems to have no bearing upon the case at bar.

To recapitulate: (1) The contract price with Doyle was $130,544. (2) Total contract price with respondent, $151,856.30. (3) On May 24, 1926 (the notice day), Doyle had been paid $86,719.44. (4) There was due him then, money earned, $6,070.78; retained as percentage, $10,294.52; total, $16,365.30. (5) Total amount of liens filed against Doyle, $42,678.36. (6) Cost to surety company to complete the work, $65,136.86.

If the surety company stands in the shoes of its principal and completes his contract as supplemented by its own contract of August 24, 1926, $16,365.30, plus $65,136.86, aggregating $81,502.16, would be available to pay the lienors their $42,678.36. (*Van Clief v. Van Vechten*, 130 N. Y. 571.) Under the original contract price $60,189.86 would be thus available. The sum of $22,059.87 has been paid to respondent since it took over the completion of the contract. Its completion is of course not assured, and fairness demands that the property interests of the county and the lienors should not be jeopardized by compelling the county to pay respondent over $17,000 now.

Peremptory mandamus is a drastic remedy, and should not be granted, in the exercise of the court's discretion or otherwise, unless the right to it is clear. (*Matter of Donner-Hanna Coke Corp.*, 212 App. Div. 338; affd., 241 N. Y. 530.)

It is by no means certain that the petition and answer do not present questions of fact. But even an alternative order should not issue. By reason of all the circumstances presented and discussed, and because of the involvement of property rights, not only of the parties to this proceeding but of persons not parties, we reverse the order appealed from, with costs, and deny the motion, in the exercise of our discretion, with ten dollars costs and disbursements to appellant.

All concur. Present — HUBBS, P. J., CLARK, CROUCH, TAYLOR and SAWYER, JJ.

Order reversed, as a matter of discretion, with costs, and motion denied, with ten dollars costs and disbursements.