In the Matter of ——————— Rehe and Others.
In the Matter of Pyramid Bond and Mortgage Corporation.

Supreme Court, New York County, January 14, 1930.

*Thomas F. F. Lee*, for the petitioners.

*Meier Steinbrink*, for the respondents.

Dunne, J. Petitioners move herein for a peremptory order of mandamus to compel a general inspection of all the books and records of the Pyramid Bond and Mortgage Corporation.

Section 1319 of the Civil Practice Act is to the effect that a peremptory order of mandamus can be granted only where a proposition of law is to be decided. As a consequence, for the purpose of arriving at a proper determination, it is assumed that the allegations of the opposing affidavits are true (*People ex rel. Port Chester Savings Bank* v. *Cromwell*, 102 N. Y. 477), and the only averments contained in the petition which can be taken as true are those which are undisputed. (*Knapp* v. *City of Brooklyn*, 97 N. Y. 520; *People ex rel. McElwee* v. *Produce Exch. Trust Co.*, 53 App. Div. 93.)

It is alleged in the affidavits of one Caracciolo and one Saladino, in opposition to the application, that the petitioners' attorney

on occasion stated: "My intentions are to throw out the present officers of the company, who are crooks, and replace them with two honest men whom I know and who will take the company over at my request. I have some New York bankers who are ready to take over the company at any time at book value; that the stockholders have nothing to fear." And further, "that the company itself was all right, but that he wanted to get the officers out." These statements from one who appears to be the moving spirit, when coupled with other factors present, are indicative of the true situation involved. . Upon the record before me I do not think that the application is instituted of motives born of good faith, but rather owes its origin to a design to use the information for ulterior purposes. Such showing necessarily precludes the petitioners from the relief sought, for it has been held: "That the court has power to require a corporation to exhibit to one of its stockholders its books and papers is not to be denied. This power, however, is not to be exercised as a matter of course, but only at the discretion of the court, where it appears that the inspection is sought to disclose something which it is the right of the stockholder to know, and not merely to annoy the corporation or for some other purpose than the protection of the stockholder's interests." (*People ex rel. McElwee* v. *Produce Exch. Trust Co., supra.*)

Nor is the mere appearance of an issue of fact of benefit to the petitioner, for where the petitioner does not ask for an alternative order he must stand upon the moving papers and opposing affidavits in the same category of one who demurs to a pleading. (*People ex rel. Lehman* v. *Consolidated Fire Alarm Co.,* 142 App. Div. 753.) The rule applies *proprio vigore* to an application of the present character. (*Matter of Coats,* 73 App. Div. 178.) It appears that previously an application for similar relief in the instant case was addressed to Mr. Justice FABER, who with his usual clarity held as follows: "This application for a peremptory writ of mandamus to compel a general inspection of all the books and records of the respondent is denied, with costs. After reading the voluminous papers submitted I have concluded that the petitioner is not acting in good faith, but is seeking information which he hopes to make use of in a competing enterprise. I can see no other reason for the application." (*Matter of Dunhuber,* N. Y. L. J. Feb. 4, 1929.)* There have been no new facts adduced to prompt this court to reach a contrary conclusion.

Motion denied.

---

* Memorandum opinion.