In the Matter of the Application of ELLSWORTH, BARROWS & Co., Petitioner, Respondent, for a Mandamus Order against HARRY M. WARD, Supervisor of the Town of Annsville, and JOHN H. TAFT and Others, Constituting the Town Board of the Town of Annsville, Appellants.

Fourth Department, June 28, 1938.

*Francisco Penberthy*, for the appellants.

*A. Marcus Connelly*, for the respondent.

CROSBY, J. The appellants' brief speaks of this as an appeal from a peremptory order of mandamus. Orders of mandamus were abolished by chapter 526 of the Laws of 1937, in effect September 1, 1937. This proceeding was commenced by a petition dated September 20, 1937.

The petition alleges that petitioner performed certain services for the town of Annsville, pursuant to employment by the town board, for which services the town of Annsville, by its town board, agreed to pay a stipulated amount. These allegations are all flatly denied by appellants, both in their answer and in affidavits. Appellants say they never employed petitioner to perform the services in question, never agreed to pay it, and that petitioner never, in fact, performed the alleged services for the town.

The services are alleged to have been performed in 1928. Petitioner never made a claim against the town for such services until 1931, and then waited six more years before starting this

proceeding. Any cause of action which petitioner could bring to recover the value or agreed price of such services has long since been outlawed.

Regardless of the short Statute of Limitations applicable to proceedings of this kind, whether under the former practice (*Matter of Williams* v. *Pyrke*, 233 App. Div. 345), or under the new practice (Civ. Prac. Act, § 1286), it must be true that a peremptory order of this kind, by whatever name it may be called, cannot issue where vital questions of fact are put in issue. That was true under the former practice (See Civ. Prac. Act, former § 1319; *People ex rel. Corrigan* v. *Mayor, etc.*, 149 N. Y. 215; *Matter of Durr* v. *Paragon Trading Corp.*, 270 id. 464), and it is also true under the present practice. (Civ. Prac. Act, § 1295.)

Although orders of mandamus, by that name, have been abolished, the order appealed from is one of that nature. It is a drastic remedy, resting in the sound discretion of the court, and governed by equitable principles, and should not be granted unless the right to it is clear. (*People ex rel. Gas-Light Co.* v. *Common Council*, 78 N. Y. 56; *Matter of National Surety Co.* v. *Wallace*, 221 App. Div. 506, 511; *People ex rel. Lehmaier* v. *Interurban Street R. Co.*, 177 N. Y. 296.)

Here the petitioner seeks to force the audit of a claim so stale that an action upon it would be met with the Statute of Limitations, a claim based upon alleged facts, all of which are in dispute, and no trial has been had, or findings made, upon the issues raised by the pleadings.

The order appealed from should be reversed on the law, and on the facts, as a matter of discretion, and the proceeding dismissed, with fifty dollars costs and disbursements.

All concur, except LEWIS, J., who dissents and votes to remand the proceeding to the Special Term for the trial of the issue of fact which is presented by the record and remains undetermined as to what action, if any, binding upon the petitioner, the town board, has ever taken in reference to petitioner's claim, upon the ground that until that question of fact is decided the questions as to petitioner's laches and the running of the Statute of Limitations against its claim cannot be determined. Present — CROSBY, LEWIS, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Order reversed on the law and on the facts as a matter of discretion, and the proceeding dismissed, with fifty dollars costs and disbursements.