In the Matter of Louis Schulman, Respondent, against Louis DeJonge & Company, Appellant.

First Department, December 14, 1945.

*Harold R. Medina, Jr.*, of counsel (*Cravath, Swaine & Moore*, attorneys), for appellant.

*Harry Z. Kaufman* for respondent.

COHN, J.   Petitioner, a holder of 5% of the stock of appellant corporation, in support of his application to inspect the books of the company, states that the purpose of the inspection is to ascertain whether there has been any mismanagement or waste of corporate funds.   He alleges certain facts which he believes are indicative of waste and mismanagement.

The affidavit of appellant's president which was submitted in opposition to the application, denies the charges of waste and accuses petitioner of improper motives.   The claim of bad faith is based upon the following: (1) Petitioner is a competitor of appellant.   He is president and majority stockholder in control of Springfield Coated Paper Corp., a manufacturer of decorated papers, and of A. S. Datz & Son, Inc., and Louis Schulman Co., Inc., which corporations act as distributors for products manufactured by Springfield Coated Paper Corp.   These companies directly compete with appellant corporation in the manufacture and sale of decorative paper.   They also manufacture and sell protective coatings, but up to the present time they have been unable to manufacture the types of protective coatings developed by appellant.   (2) Petitioner is seeking information which would be of aid to him in his competing business and desires particularly to obtain knowledge of the new products developed by appellant.   (3) Petitioner has for a long time attempted to obtain from appellant's employees by surreptitious means, confidential information which would be of use to him in his competing business.   In this effort he has partially succeeded.   Specific instances of alleged improper approaches by petitioner to two employees of appellant, since discharged, for disclosure of business secrets and confidential information are set forth in the answering affidavit.   (4) The statements upon which the petitioner bases his claim of mismanagement have no foundation in fact.

From an order granting petitioner a general inspection of the books of the company, appellant corporation appeals.   In ordering the inspection the Special Term provided against disclosure of lists of customers, sources of supply and the business secrets of the corporation.   Appellant urges that these precautions were inadequate to protect the company from the alleged ulterior motives of petitioner and that the application should have been denied in its entirety.

A stockholder has the right at common law to inspect the books of his corporation at a proper time and place and for a proper purpose. If this right is refused by the officers in charge, an order may issue in the discretion of the court, with suitable safeguards to protect the interests of all concerned. (*Matter of Steinway,* 159 N. Y. 250, 263; *Matter of Durr* v. *Paragon Trading Corp.,* 270 N. Y. 464; *Hughey* v. *Du Bois Press,* 37 N. Y. S. 2d 343, 345.) · In addition to his common-law right, by statute a stockholder of record is given the right to inspect the stock books of his company, subject to the restrictions therein set forth. (Stock Corporation Law, § 10; *Matter of Brentmore Estates, Inc.,* v. *Hotel Barbizon,* 263 App. Div. 389, 393.)

Petitioner's application for an order under article ·78 of the Civil Practice Act is in the nature of what was formerly termed a mandamus proceeding. The order may be granted in the first instance where the applicant's right to it depends only upon questions of law. It may not issue where vital questions of fact are presented. (*Matter of Wong Wah Yew* v. *Mun Hey Pub. Co.,* 275 N. Y. 615; Civ. Prac. Act, § 1295.) The remedy rests in the sound discretion of the court, and should not be granted unless the right to it is clear. (*Matter of Ellsworth, Barrows & Co.* v. *Ward,* 255 App. Div. 91, 92.)

For the purposes of the application all facts disclosed in appellant's affidavit must be deemed true. (*Matter of Durr* v. *Paragon Trading Corp., supra,* 467; *People ex rel. Pumpyansky* v. *Keating,* 168 N. Y. 390, 398–399.)

Though petitioner in his moving papers has met the legal requirements to the extent of showing that he is a stockholder and that he has made a demand upon the officers in charge for an inspection of the books which was refused, there is an issue of fact presented as to whether the proceeding was brought in good faith and for a proper purpose. While it has been held that the mere denial by the corporation of mismanagement and waste is insufficient to defeat an application by a stockholder to examine its books (*Matter of Durr* v. *Paragon Trading Corp., supra,* 471), it is equally well settled that an examination will not be permitted where the ulterior purpose of the inspection is to supply knowledge of the inner workings and details of a corporation's business to a competitor, or to embarrass the corporation. (*People ex rel. Lehman* v. *Consolidated Fire Alarm Co.,* 142 App. Div. 753, 754; *People ex rel. Giles* v. *Klauder-Weldon D. M. Co.,* 180 App. Div. 149.) If appellant can sustain the charges it has made, it would appear that the

proceeding is not brought in good faith or for a proper purpose, and in such case petitioner would not be entitled to the inspection.

We conclude that the question as to the good faith of petitioner and as to his purpose in seeking the inspection, upon this record, is one of fact which must be determined before a final order may issue. Accordingly, the order should be modified by granting an alternative order directing a trial of the issue in accordance with the provisions of section 1295 of the Civil Practice Act. with costs to the appellant to abide the event.

MARTIN, P. J., TOWNLEY, GLENNON and DORE, JJ., concur.

Order unanimously modified by granting an alternative order directing the trial of the issue as to the good faith of petitioner and as to his purpose in seeking the inspection, in accordance with the provisions of section 1295 of the Civil Practice Act, with costs to the appellant to abide the event. Settle order on notice.