In the Matter of EDWARD SCHACHER, Petitioner, against G. TAUS & SONS, INC., et al., Respondents.

Supreme Court, Special Term, Queens County, November 20, 1946.

*Hein & Bradie* for petitioner.

*Abner H. Pike* for respondents.

FROESSEL, J. Application by Edward Schacher, as stockholder of the respondent, G. Taus & Sons, Inc., for an order permitting " an inspection and the taking of copies from the stock book, minute books, and all books of account and records of the said G. Taus & Sons, Inc. by petitioner and his attorneys and an accountant to be designated by him at such time and place as may be set by the court   *   *   *."

The respondents move, pursuant to section 1293 of the Civil Practice Act, to dismiss the petition on the ground that the petitioner " is not a stockholder of record of G. Taus & Son, Inc., having assigned and transferred unto one Minnie Isenberg twenty six (26) shares of the capital stock of G. Taus & Son, Inc., heretofore held by him on August 31, 1936, and that no reassignment of said stock has been made to said petitioner   *   *   *."

The petitioner has presented to the court three certificates of stock of G. Taus & Sons, Inc. Certificate No. 3, issued to him for twenty-four shares, is dated January 10, 1938, and is signed by the respondent, Louis Schacher as secretary and by the petitioner as president. On the reverse side is an assignment of said certificate by said petitioner, dated July 5, 1938, to Amelia Schacher, his wife. Certificate No. 8, for two shares of stock, likewise executed on the same day as certificate No. 3, by the same officers, was made out to Edward Schacher and is merely assigned *in blank* by him without date, which certificate he asserts was never relinquished by him. Less than six months thereafter, certificate No. 12, signed by the same officers, and dated January 3, 1939, was issued for twenty-four shares to Amelia Schacher and bears her assignment in blank; this certificate, petitioner claims, was delivered to him and he has at all times been the owner of said shares. The stock record book submitted by the respondents does not reflect any of the foregoing dated certificates, nor the assignments thereof.

The respondents, on the other hand, have produced and submitted a different certificate No. 3 for twenty-four shares, made out to Edward Schacher on June 1, 1915, signed by Gustav Taus, president, and Edward Schacher, as secretary. The assignment by petitioner on the reverse side was executed on August 31, 1936, to Minnie Isenberg. Another certificate No. 8,

for two shares, dated May 16, 1931, and issued to petitioner, was executed by Edward Schacher, as president, and Louis Schacher, as secretary. The assignment on the reverse side was likewise executed by Edward Schacher on August 31, 1936, to Minnie Isenberg. Said *assignments to Minnie Isenberg* are *not* reflected in the stock record book.

Section 10 of the Stock Corporation Law provides that every stock corporation shall keep a stock book in the manner in said statute described. It further provides: " No transfer of stock shall be valid as against the corporation, its stockholders and creditors for any purpose except to render the transferee liable for the debts of the corporation to the extent provided for in this chapter until it shall have been entered in such book as required by this section, by an entry showing from and to whom transferred * * *." The statute further provides for penalties for willfully neglecting or refusing to make such proper entries and concludes: " *The stock book * * * of every stock corporation shall be presumptive evidence of the facts therein so stated in favor of the plaintiff, in any action or proceeding against such corporation or any of its officers, directors or stockholders.*" (Italics mine.) Extracts of said statute are printed on the inside cover of the stock book of the corporate defendant submitted on this application. An examination of said stock book shows that the original twenty-four shares issued to the petitioner on June 1, 1915, and allegedly assigned by petitioner to Minnie Isenberg, are still held by him, without any record of their transfer.

In the light of the presumption permitted by the statute, the recognition by the respondents of the petitioner as a stockholder, not only in the last page of the exhibit attached to the petition and entitled " Stockholders Drawing Accounts ", under which petitioner's name appears, and covering the period from September 15, 1942, to December 31, 1945, but from time to time over the years down to the present year, and upon all the facts and circumstances appearing in the papers before me, I conclude that petitioner is a stockholder of the corporate respondent. Under the circumstances, he is entitled to his common-law and statutory rights to inspect the books of the corporate respondent at a proper time and place. (*Matter of Schulman* v. *Dejonge & Co.*, 270 App. Div. 147; *Matter of Durr* v. *Paragon Trading Corp.*, 270 N. Y. 464; *Matter of Steinway*, 159 N. Y. 250.)

Application of petitioner is accordingly granted, and the cross application of the respondents is denied.

Settle order on notice.