In the Matter of LESTER MARTIN, Respondent, against COLUMBIA PICTURES CORPORATION, Appellant.

Appeal from an order of the Supreme Court at Special Term, entered April 17, 1953, in New York County, which granted a motion by petitioner for an order, under article 78 of the Civil Practice Act, permitting petitioner to inspect respondent's minute book and books of account.

MEMORANDUM BY THE COURT. The Supreme Court may in its discretion refuse an order in the nature of a peremptory mandamus for the examination of corporate records and books of account until material disputed issues of fact are determined (*Matter of Durr* v. *Paragon Trading Corp.*, 270 N. Y. 464). We think that under the circumstances of this case and in the exercise of

discretion the factual disputes relating to the good faith of the petitioner should be resolved and determination made as to whether he sought the examination to protect his interest in the corporation as a stockholder or for some purpose foreign to such objective. The matter is referred to Hon. ISIDOR WASSERVOGEL, Special Referee, to hear and report to Special Term on these matters.

The order appealed from should be modified accordingly. Settle order.

COHN, J. (dissenting). The order appealed from directs appellant, Columbia Pictures Corporation (hereafter called Columbia), to submit its corporate minute books, and corporate books of account, records and papers, without restriction of any kind, for inspection thereof by petitioner, his attorneys, and accountants in his behalf.

Columbia, whose stock is listed on the New York Stock Exchange, has outstanding 670,000 shares, which are held by over 2,000 shareholders. Its activities are far flung. It is engaged in the business of making, selling and distributing motion pictures in practically every State of the nation and in all parts of the civilized world. Petitioner first became a stockholder in July, 1952, when he purchased 100 shares of the common stock. He thereafter acquired additional shares, and since the institution of the present proceeding, it is stated that he owned in excess of 10,000 shares.

Petitioner seeks the inspection, as he alleges, in order to "protect and preserve his very substantial investment". The law is well settled that a stockholder has the right at common law to inspect the books of his corporation at a proper time and place, and for a proper purpose. If this right is refused by the officers in charge an order may issue, in the discretion of the court, with suitable safeguards to protect the interests of all concerned. (*Matter of Steinway*, 159 N. Y. 250, 263; *Matter of Durr* v. *Paragon Trading Corp.*, 270 N. Y. 464; *Matter of Schulman* v. *Dejonge & Co.*, 270 App. Div. 147.) However, the remedy rests in the sound discretion of the court, and should not be granted unless the right to it is clear. (*Matter of Ellsworth, Barrows & Co.* v. *Ward*, 255 App. Div. 91, 92.)

The burden is upon the stockholder to establish the necessity for an inspection in his moving papers, and the application should be denied if it is not sought for a proper purpose. (*People ex rel. McElwee* v. *Produce Exch. Trust Co.*, 53 App. Div. 93, 94.) Even in the case of an application to examine the stock book of a corporation it has been held by this court that such right (which is authorized by statute) may not be granted as a matter of course, but may be withheld by the court, in the exercise of its discretion, where the purpose of such examination is not consonant with law, the business of the corporation or is not in good faith. (*Matter of Tate* v. *Sonotone Corp.*, 272 App. Div. 103.)

From statements made by the attorney for petitioner, it would seem the petitioner and his group are seeking to gain control of appellant corporation. Attention is called to the fact that petitioner has embarked upon a similar course of conduct with respect to several other corporations. However, even if this be true, that should not bar the relief sought, if the inspection here be for a proper purpose. The only charges of so-called mismanagement of the business of the corporation is to be found in the claim that excessive salaries are being paid to certain specified corporate officers. Though these key officers of the corporation receive very high salaries, it is undisputed that such salaries have been paid to these officers for many years, and that they have been and are paid under employment and option contracts overwhelmingly approved by votes of the shareholders at regular meetings. Salaries paid to

the executives of Columbia are no more out of line than the salaries paid to the executives of other corporations engaged in the same line of business, it being common knowledge that executive compensation in the motion picture industry is relatively higher than that prevailing in other industries.

Petitioner also states that some corporations engaged in similar business as for example the Universal Picture Corporation show a net profit in excess of the profit realized by the appellant. On the basis of a comparison of the gross and net income of Columbia with the corresponding figures for Universal, it is to be observed that the figures quoted with respect to Columbia are for the fiscal year ending June 30, 1952, whereas the figures for Universal relate to the fiscal year ending October 31, 1951. A comparison between the earnings of the two companies if extended beyond the one year shows that Columbia for the years 1948, 1949, earned a net profit while Universal scored a large deficit, and in 1950 Columbia had a net profit of $2,000,000 while Universal had a profit of less than $1,500,000.

There is no charge of misconduct or unfair dealing by the officers of Columbia. This is not a case where a stockholder of long standing is seeking to obtain information with which to rectify acts of waste and mismanagement the existence of which has been established prima facie. On the contrary, the moving papers here are completely barren of any claimed waste or mismanagement. The most that petitioner has done is to question the wisdom as a matter of business judgment of employment contracts and option agreements with employees of the corporation. There is no allegation that there is anything wrong with the books of account; that any moneys or property of appellant have been diverted; that any employee, officers or directors have made any wrongful profit at the expense of Columbia; that any loss has been suffered by Columbia, monetary or otherwise, by reason of the past employment of the key officers; or that any future injury is threatened to appellant by reason of their future employment. Even if everything contained in the allegations of petitioner is conceded, there is no showing that the proposed broad examination is for a proper purpose or that it is sought in good faith. It is urged by appellant that petitioner has no specific purpose in mind but merely hopes that, in obtaining a discovery and inspection of the books and records of this vast organization, he may discover some act of alleged wrongdoing with which he may harass the management of the corporation. On the papers submitted, petitioner has failed to show that the examination is for a proper purpose.

The order should be reversed and the motion for an inspection should be denied.

Peck, P. J., Callahan and Breitel, JJ., concur in Memorandum by the Court; Cohn, J., dissents and votes to reverse and deny the motion, in opinion in which Glennon, J., concurs.

Order modified in accordance with the memorandum decision herein and, as so modified, affirmed. Settle order on notice. [See *post*, p. 757.]