In the Matter of ROBERT CRAVATTS, Respondent, against KLOZO FASTENER CORP., by MURRAY LEMBERG, as President, Appellant.

*Per Curiam.*  This proceeding under article 78 of the Civil Practice Act, seeks an order in the nature of mandamus to compel a corporation to submit all of its books and records to the examination of petitioner who alleges he is a director and the owner of 20% of the corporation's stock.

The court at Special Term has granted relief in the full scope in which it is sought.  There are, however, factual issues raised in the answer which ought to be examined and resolved before the proceeding is determined on the merits. One such issue arises on the denial of the allegation that petitioner is a director. Another arises from the affirmative defense that the inspection is not sought by petitioner for a proper purpose.  (*Matter of Schulman* v. *Dejonge & Co.,* 270 App. Div. 147.)

We think these issues ought to be examined. If it be found that petitioner is not a director, such a finding may be deemed to have relevancy to the propriety of the purpose for which the examination is sought.

Respondent also pleads laches in the institution of the proceeding. The demand for the inspection of the books and papers was made May 14, 1952. This proceeding was not instituted until a year and two months later in July, 1953. The statute (Civ. Prac. Act, § 1286) requires that a proceeding in the nature of mandamus must be instituted within four months after the refusal of the respondent upon demand of the petitioner to perform the duty.

Here there was no explicit refusal to comply with the demand but that will not operate to keep alive indefinitely the right to compel the performance of a duty. The refusal to comply with the demand must be deemed to have occurred within a reasonable time when no response is made to the demand.

What a "reasonable" time may be will be regarded by the court in some situations as a question of law; but here we regard it as an open question of fact.

The order should be reversed and the proceeding remitted to the Special Term for trial, with $20 costs and disbursements to appellant.

Cohn, J. P., Breitel, Bastow, Botein and Bergan, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, and the proceeding remitted to Special Term for trial. Settle order on notice.