In the Matter of ROBERT CRAVATTS, Petitioner, against KLOZO FASTENER CORP., by MURRAY LEMBERG, as President, Respondent.

Supreme Court, Special Term, New York County, March 1, 1954.

*Leo E. Sherman* for petitioner.

*Morris A. Pomerantz* and *Harold B. Pomerantz* for respondent.

ISIDOR WASSERVOGEL, Special Referee. This is a proceeding under article 78 of the Civil Practice Act whereby petitioner seeks an order of the court to compel the respondent to permit an inspection of its books and records.

The pleadings merely allege that petitioner, as a director and stockholder of the respondent corporation, made a demand for an examination of its corporate books, which demand was refused. Petitioner's application was granted at Special Term, Part I, by an order dated September 9, 1953. Upon appeal to the Appellate Division, First Department, this order was unanimously reversed and the proceeding was remitted for trial. In its opinion dated December 8, 1953 (*Matter of Cravatts v. Klozo Fastener Corp.*, 282 App. Div. 1014–1015), the Appellate court stated that there were " factual issues raised in the answer which ought to be examined and resolved before the proceeding is determined on the merits. One such issue arises on the denial of the allegation that petitioner is a director. Another arises from the affirmative defense that the inspection is not sought by petitioner for a proper purpose. * * * Respondent also pleads laches in the institution of the proceeding. * * * What a ' reasonable ' time may be will be regarded by the court in some situations as a question of law; but here we regard it as an open question of fact." With these factual issues this court is now primarily concerned.

It is to be noted that although petitioner's written demand for an inspection was made by him "as a stockholder," his counsel has urged that, as a director of the respondent corporation, petitioner, in any event, is entitled to the relief sought herein. The proof adduced upon the trial of this matter does not sustain this contention.

Concededly, a director of a corporation has an absolute right to examine the corporate books regardless of his motive. Otherwise the right to such inspection would be dependent upon the whim or determination of other officers of the corporation. Such limitation would not be consonant with the right appertaining to the office of a director who is obliged and entitled to keep himself advised of the business affairs of the corporation (*Matter of Wilkins* v. *Ascher Silk Corp.*, 207 App. Div. 168, 169–170, affd. 237 N. Y. 574). Upon the termination of his office as a director, however, a person no longer has the status which would entitle him absolutely to an examination of the corporate affairs (*Matter of Overland* v. *Le Roy Foods*, 304 N. Y. 573, 574; *Matter of Hafter* v. *Eagle Fish Co.*, 296 N. Y. 808). Thus, if a director resigns, or is removed from office, or is not re-elected and his successor is appointed, his right to inspect the books and records of the corporation terminates. Even the commencement of legal proceedings to be reinstated as a director on the ground of improper or illegal removal from office does not revive this right which inures to such office only so long as he is, in fact, a director (*Matter of Hafter* v. *Eagle Fish Co.*, 67 N. Y. S. 2d 745–746, affd. 270 App. Div. 995, affd. 296 N. Y. 808, *supra*; *Matter of Wilkins* v. *Ascher Silk Corp.*, *supra*). Even assuming, *arguendo*, that petitioner was a director at the commencement of this proceeding, the record establishes that he is not now holding such office and consequently is not entitled to the relief here requested. Moreover, the credible testimony clearly proves that petitioner was not a director when this proceeding was instituted. The proof adduced in behalf of respondent shows that in April, 1952, prior to this application to compel an inspection, petitioner, in the presence of all of the other stockholders of the respondent corporation, resigned as a director. Testimony to this effect is uncontroverted, although by oral argument and in briefs submitted to the court, petitioner's counsel disputes such fact. It is to be noted that petitioner is not a resident of this State at this time and, therefore, is not subject to subpœna. His counsel, however, was granted an adjournment to afford petitioner an opportunity, if he so desired, to appear in court and testify. Petitioner has failed to do so. It necessarily follows, therefore, that despite counsel's unsworn statements, the sworn testimony with respect to petitioner's resignation as a director remains uncontroverted and must be given full credence by the court.

The opinion of the Appellate Division (*Matter of Cravatts* v. *Klozo Fastener Corp.*, 282 App. Div. 1014–1015, *supra*) raises several issues to be determined regarding petitioner's right as a stockholder to an inspection. It is well settled that at common law a stockholder is entitled to inspect corporate books and records at a proper time and place and for a proper purpose (*Matter of Steinway*, 159 N. Y. 250). In addition to this common-law right, a stockholder, in the State of New York, is afforded the right, by statute, to inspect the stock books of a company (Stock Corporation Law, § 10; *Matter of Schulman* v. *De Jonge & Co.*, 270 App. Div. 147, 149). The courts of this State, however, have narrowed what originally appeared to be an absolute principle and have held that neither by virtue of the common law nor by section 10 of the Stock Corporation Law is an inspection of the books and records of a corporation a matter of right. They have determined that such an application may be denied where in their opinion the application is not consonant with principles of equity or rules of law, the business of the corporation, or good faith (*Matter of Durr* v. *Paragon Trading Corp.*, 270 N. Y. 464, 469; *Matter of Martin* v. *Columbia Pictures Corp.*, N. Y. L. J., Dec. 4, 1953, p. 1330, col. 3; *Matter of Baker* v. *Macfadden Publications*, 270 App. Div. 440, 443). Thus, although motive is immaterial when the inspection of corporate books and records is sought by a director, the motive and good faith of petitioner, as a stockholder, must be determined before such relief may be granted to him.

" Good faith " with reference to petitioner's inspection of respondent's books and records, is an intangible and abstract quality with no technical meaning or statutory definition. It encompasses, among other things, an honest intent, the absence of malice, the absence of a design to defraud or to seek an unconscionable advantage. An individual's personal good faith is a concept of his own mind and inner spirit. As has already been noted, petitioner failed to testify at the trial of this proceeding. Inasmuch as no evidence of any kind relating to the purpose of the inspection was offered in behalf of petitioner, it is impossible for the court to fully consider petitioner's good faith or motive in making the instant application. It is significant, however, that certain facts which were adduced by respondent, with respect to other pending litigation between the parties, cast serious doubt as to petitioner's good faith, proper motive, or absence of malice in seeking the inspection of respondent's corporate books and records.

In any event, I find that petitioner is guilty of laches in that this proceeding was not commenced within the statutory four months' limitation after the refusal of his demand for an inspection (Civ. Prac. Act, § 1286). As stated in the opinion of the Appellate Division (*Matter of Cravatts* v. *Klozo Fastener Corp.,* 282 App. Div. 1014, 1015, *supra*): '' The demand for the inspection of the books and papers was made May 14, 1952. This proceeding was not instituted until a year and two months later in July, 1953. * * * Here there was no explicit refusal to comply with the demand but that will not operate to keep alive indefinitely the right to compel the performance of a duty. The refusal to comply with the demand must be deemed to have occurred within a reasonable time when no response is made to the demand. What a ' reasonable ' time may be will be regarded by the court in some situations as a question of law; but here we regard it as an open question of fact.''

An examination of petitioner's written demand clearly shows that he himself has resolved this issue of fact. Petitioner stated therein that he requests the inspection '' within a reasonable time, *not to exceed thirty days.*'' When petitioner gave respondent a fixed time limit within which to comply with his demand, to wit, thirty days, respondent's failure to accede to the demand within this stated period of time must be deemed to have been a refusal which started the running of the Statute of Limitations. The commencement of this proceeding more than a year after the time prescribed in section 1286 of the Civil Practice Act, therefore, precludes petitioner's right to the relief he seeks. Contrary to petitioner's contention, the mere fact that he may have been engaged in other litigation concerning different matters does not operate to toll the Statute of Limitations.

Decision is rendered for respondent in accordance with the foregoing.

Submit order within ten days on three days' notice.

The above constitutes the decision of the court as required by the applicable provisions of the Civil Practice Act.