In the Matter of WILLIAM E. SHORTEN, Petitioner. REMINGTON RAND, INC., et al., Respondents.

Supreme Court, Special Term, Erie County, November 18, 1954.

*Emil L. Cohen* for petitioner.

*Reid S. Moule* for respondents.

R. O'BRIEN, J. Petition by stockholder for an order directing corporation to permit him to make an inspection and examination of its stock record book.

It appears from the papers that the stockholder made an oral request for such permission " early in June 1954," and again, after receipt of the notice of the annual meeting dated June 9, 1954, made such request in writing.

Both requests were refused, the reason being given by the secretary of the corporation in a letter replying to the written request for such permission. The reason for such refusal was stated to be: "Since Mr. Shorten has not submitted an application in proper form as required by law, nor advised the Company as to the purposes for which such inspection and abstracts are to be used, the Company is not in a position to determine the propriety of his request, and therefore must deny his application in its present form to examine the stock ledger of Remington Rand, Inc. during the usual hours of business of the corporation and to make abstracts therefrom."

Pursuant to section 113 of the Stock Corporation Law, Remington Rand, Inc., being a foreign stock corporation, having an office for the transaction of business in this State, is required to keep a stock book in this State containing the names, alphabetically arranged, of all persons who are stockholders of the corporation, showing their places of residence, the number of shares of stock held by them, respectively, the time when they respectively became the owners thereof and the amount paid thereon.

The said section further provides that the said " stock book " shall be open daily during at least three business hours for inspection by any person who shall have been a stockholder of record in such corporation for at least six months immediately preceding his demand, provided " (a) that such inspection shall not be for the purpose of communicating with stockholders in the interest of a business or object other than the business of the corporation, and (b) that such stockholder or other person has not within five years sold or offered for sale any list of stockholders of such corporation or any other corporation, or aided or abetted any person in procuring any stock list for any purpose ". There is also contained in said section the provision " that such inspection may be denied to such stockholder or other person upon refusal to furnish to such corporation or its transfer agent a written statement that such inspection is not desired for purpose (a) and that such stockholder or other person has not been connected with any stock list as provided in (b)."

The refusal, to permit the requested inspection as stated in the letter to the petitioner's attorney, specifically advised the stockholder of the failure to state " the purposes for which such inspection and abstracts are to be used." The papers fail to reveal any compliance with the provisions of said section

prior to the application for the order to show cause granted herein, as the basis for this application.

The courts have not hesitated to restrict what was previously regarded as a common-law right of a stockholder to inspect books and records of a corporation (*Matter of Steinway*, 159 N. Y. 250) and have more recently decided that an application to inspect may be denied where such application is held to be not consonant with principles of equity, rules of law, the business of the corporation or good faith (opinion of WASSERVOGEL, Special Referee, in *Matter of Cravatts* v. *Klozo Fastener Corp.*, 205 Misc. 781, 784, citing *Matter of Durr* v. *Paragon Trading Corp.*, 270 N. Y. 464 and other cases).

Until the stockholder complies with the request of the corporation to furnish the information required by the provisions of said section 113 of the Stock Corporation Law, the refusal to grant the permission to inspect the stock book and make extracts therefrom was justified. There having been no such compliance in respect to the application under discussion, the demanded relief is denied.

Submit order.