James S. Brown, J.
In this proceeding in the nature of a mandamus, pursuant to article 78 of the Civil Practice Act, petitioner seeks an order requiring the respondents to submit “ all and singular the said corporation’s books of account, records, papers and contracts ” and all stock books, transfer books, etc.
The petition is replete with serious charges of mismanagement of the respondent corporation by the individual respondents in that the individual respondents improperly downgraded the value of the inventory; siphoned off the income of the corporation, improperly used the funds of the corporation, paid out commissions on business which the corporation ordinarily would not be required to pay as well as other acts of misconduct. These charges are not only categorically denied, but in rebuttal respondents contend that petitioner’s application is motivated by bad faith. Affidavits and exhibits are submitted by the respondents revealing that petitioner and one Firestone, prior to dismissal as officers of the respondent corporation, contemplated and attempted to set themselves up in business as competitors of the respondent corporation and had approached employees of the respondent corporation for the purpose of inducing them to join their proposed firm, as well as people in the trade. In addition other charges of bad faith have been levelled against the petitioner.
The law is well settled that a stockholder has the right at common law to inspect the books of his corporation at a proper time and place for a proper purpose. If such examination is refused by the officers in charge an order may issue in the discretion of the court with suitable safeguards to protect the interests of all concerned. (Matter of Steinway, 159 N. Y. 250, 263; Matter of Durr v. Paragon Trading Corp., 270 N. Y. 464.) However, the remedy rests in the sound discretion of the court and should not be granted unless the right to it has been fully established. (Matter of Schulnan v. Dejonge & Co., 270 App. Div. 147; Matter of Ellsworth, Barrows & Co. v. Ward, 255 App. Div. 91, 92.)
Though petitioner in his moving papers has met the legal requirements to the extent of showing that he is a stockholder and that he has made a demand upon the officers in charge, there is an issue presented as to whether the proceeding was brought in good faith and for a proper purpose. While it has been said that the mere denial by the corporation of mismanagement and *795 waste is insufficient to defeat an application of a stockholder (Matter of Durr v. Paragon Trading Corp., supra), it is equally well settled that an examination will not be permitted where the ulterior purpose is not consonant with law, the business of the corporation or is not made in good faith. (Matter of Schulman v. Dejonge & Co., supra; Matter of Tate v. Sonotone Corp., 272 App. Div. 103.)
Under the circumstances of this case, with its charges and countercharges, the court believes that the factual dispute relating to the good faith of the petitioner should be first resolved and a determination made as to whether the petitioner seeks the examination to protect his interests in the corporation as stockholder or for some purpose foreign to such objective. (Matter of Martin v. Columbia Pictures Corp., 282 App. Div. 686.)
Accordingly, the motion is referred to an Official Referee to hear and determine, if the parties so stipulate, or to hear and report.
Settle order on notice.