Nicholas M. Pette, J.
The respondents Keller, Carlin, Becker, Hopkins, Mackenzie, Smith, Bennett and Fulmer move for an order in this proceeding to dismiss the petition of the petitioner on the ground that it does not state a claim for relief as against them.
With the exception of the respondent Mackenzie, none of said respondents is an officer of the association. There is no allegation in the petition as to why the directors of the association are made respondents: no allegations that they have custody of or control over the books and records sought to be examined or the membership list sought to be produced.
The only proper parties to the petition are the association itself and the officer or officers who, it is alleged, have custody or control over the material sought to be examined and produced. (5 Fletcher, Cyclopedia Corporations, § 2252.) This rule was recently reiterated in Matter of Gondelman (Central Foundry Co.) (N. Y. L. J., Jan. 13,1958, p. 11, col. 8) wherein it is stated: “ The additional ground for dismissal urged by the individual respondents [individual directors] is that the petition is insufficient as to them in any event. It is not alleged that either of them has custody or control of any of the records which petitioner desires to inspect. The proper parties respondent are the corporation itself and the officers who have custody of the corporate records. (Matter of Bishop, 282 App. Div. 679; Matter of Schulman v. Dejonge & Co., 270 App. Div. 147.) The motion of the individual respondents to dismiss the petition for insufficiency is granted.” The Gondelman case was followed in the ease of Matter of Honolulu Ltd. (Fifth Ave. Coach Lines, Inc.) (N. Y. L. J., Feb. 6, 1962, p. 13, col. 5), where the petition was dismissed as to an individual respondent who was not alleged to have custody of or control over the corporate papers sought to be inspected.
The motion to dismiss the petition as against the respondents Keller, Carlin, Becker, Hopkins, Mackenzie, Smith, Bennett and Fulmer, as a matter of law on the ground that it does not state a claim for relief against them, must be granted. Petition dismissed.