■ In the Matter of JOHN R. LAWRENCE et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v. LEO BROWN, as Commissioner of Marine and Aviation of the City of New York, et al., Respondents.— Order entered July 26, 1965 reversed and proceeding remanded for a hearing, with $50 costs and disbursements to appellants to abide the event. Petitioners, who are licensed marine officers employed in the competitive class of civil service, Department of Marine and Aviation, seek the same higher rate of pay claimed to be received by other employees in the same classification and job titles (Civil Service Law, § 115). In July, 1964 the city entered into a "Memorandum of Understanding" with a local of the National Maritime Union (Local 333). This agreement was for a period of three years and provided, among other things, for rates of wages and other supplemental benefits. Thereafter, the city tendered to petitioners, and others similarly employed, a proposed contract by the provisions of which marine officers in named positions were to receive stated annual salaries in accord with the "Understanding". In addition the supplemental benefits were to be remitted to Local 333 with which the city had made the separate contract. It is recognized that Executive Order No. 49 (promulgated March 31, 1958) authorizes as a matter of policy collective bargaining between the city and a representative chosen by a majority of employees in an appropriate unit of city government. There is no proof before us, however, that Local 333 with which the city contracted was so chosen. The result is that petitioners have the choice of continuing to receive a lesser annual wage or to sign the contract whereby they will receive the higher wage but at the same time supplemental benefits will be paid to a labor union that apparently has not been chosen to represent a majority of these employees. It does appear that at the time of the preliminary negotiations in 1964 petitioners were members of Local 333 and one of them participated in such negotiations. We do not view this as necessarily determinative of the broader question presented. A hearing is required so that the factual issues may be fully explored and a proper determination made. Concur — Breitel, J. P., McNally and Bastow, JJ.; Rabin and Eager, JJ., dissent in the following memorandum by Rabin, J.: I would affirm the order of Special Term. I can see no useful purpose in remanding the proceeding for a hearing, because there are sufficient facts presented to enable a determination. It is my conclusion that petitioners have not established their right to the remedy which they seek. In this article 78

proceeding, the petitioners seek relief in the nature of mandamus. Mandamus "is a special remedy available to enforce a clear legal right". (*Matter of Kaplan* v. *Lipkins*, 19 A D 2d 723.) Relief by way of mandamus rests in the sound discretion of the court, and is governed by equitable principles. (*Matter of Coombs* v. *Edwards*, 280 N. Y. 361; *Matter of Ellsworth, Barrows & Co.* v. *Ward*, 255 App. Div. 91.) We consider the case in the light of the above fundamental principles. In my opinion, the petition does not allege facts which establish that petitioners have a clear right to the relief sought. Furthermore, in equity and good conscience, these petitioners should not be aided by the court in the circumstances presented. In order to obtain relief the petitioners must, of necessity, rely on section 115 of the Civil Service Law which calls for equal pay for equal work. However, such section is a statement of general policy and is not a mandatory direction to be applied in all cases under any and all conditions. This is not to say that any agency may arbitrarily disregard the principle laid down in section 115. However, the petitioners do not make the clear showing required in mandamus to sustain the position that the action of the Commissioner was arbitrary. They claim the contract which the Commissioner asked them to sign as a condition of getting increased pay, is illegal. Assuming that be so, the city could not properly require them to sign it but on the other hand they cannot get the benefits of such contract, as they here seek to do. Indeed, if the contract be illegal, it may well be that the city had no right to consider it as a basis to increase the pay of those who did sign it. If that be so, and if the petitioners feel aggrieved because the signers of the contract are getting more money than they are, their remedy is to institute a suit to declare invalid the additional payments to such signers. Contrariwise, if the contract be legal, there is no reason why the Commissioner may not require the petitioners to sign it as a condition precedent to receiving pay equal to those who did sign it. If equality is sought, there must be equality in every respect — obligations assumed as well as benefits received. Accordingly, whether the contract be legal or illegal, the petitioners have not shown that in refusing to grant to the petitioners, pay equal to those who have signed the contract, the Commissioner acted arbitrarily. In any event, they have not established such a clear right to the remedy they seek, as is required in a mandamus proceeding. Quite apart from the above, I would not grant petitioners' relief by way of mandamus in the circumstances here presented. They are not foreclosed from instituting a suit to recover the additional money they claim. The petitioners should not be permitted to use a mandamus proceeding as an instrument to attack the very agreement which was approved by the union of which they were members at the time the contract was negotiated, and which union was then acting on their behalf. Indeed, it is not denied that one of the petitioners was an active participant in such negotiations. It cannot be called an abuse of discretion on the part of Special Term to have refused to here grant mandamus relief which, as we have pointed out, rests in the sound discretion of the court, and is governed by equitable principles. Accordingly I would affirm the order.