268 F.2d 844
 APPALACHIAN POWER COMPANY, Ohio Power Company and Indiana & Michigan Electric Company, Plaintiffs-Appellants,
v.
AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS, L. H. Penney, William W. Werntz and Carman G. Blough, Defendants-Appellees.
 Docket 25715.
 United States Court of Appeals Second Circuit.
 Argued June 4, 1959.
 Decided June 17, 1959.
 
 Whitney North Seymour, of Simpson, Thacher & Bartlett, New York City (Richard M. Dicke and William J. Manning, of Simpson, Thacher & Bartlett, New York City, on the brief), for plaintiffs-appellants.
 Howard C. Westwood, of Covington & Burling, Washington, D. C. (Fontaine C. Bradley, Stanley L. Temko, George C. Christie, and Phil R. Stansbury, of Covington & Burling, Washington, D. C., on the brief), for defendants-appellees.
 Before CLARK, Chief Judge, and LUMBARD and WATERMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 On a theory of prima facie tort, plaintiffs seek to enjoin defendants, a professional association of accountants and several of its officers, from distributing to its members and others a letter to the effect that the Institute considers certain accounting procedures improper. Plaintiffs allege that in the preparation of this letter the Institute disregarded its usual practice of circulating proposed opinions for comment prior to their issuance and that the promulgation of the views contained in the letter, because of the Institute's authority in the accounting profession and in the business community, will impair plaintiffs' credit and limit their growth.
 
 
 2
 The court below properly considered this action as on a motion for summary judgment once both parties had filed supporting affidavits to their motions. Fed.R.Civ.P. 12(b) specifically authorizes this procedure, and we do not see that plaintiffs were denied the opportunity to present materials pertinent to summary judgment which the rule provides.
 
 
 3
 On the merits we agree with Judge Levet's reasoned opinion below, D.C.S.D.N.Y., May 20, 1959. We think the courts may not dictate or control the procedures by which a private organization expresses its honestly held views. Defendants' action involves no breach of duty owed by them to the plaintiffs. On the contrary every professional body accepts a public obligation for unfettered expression of views and loses all right to professional consideration, as well as all utility, if its views are controlled by other criteria than the intellectual conclusions of the persons acting. Absent a showing of actual malice or its equivalent the courts would be making a great mistake, contrary indeed to their own ideals and professions, if they assumed to restrict and denigrate this widely recognized and assumed professional duty.
 
 
 4
 By stipulation of the parties this appeal was heard both upon the appellants' motion for a stay and upon the merits. Our order must therefore be that the stay heretofore granted is vacated and the judgment below is affirmed.