William B. Lawless, J.
This is an article 78 (Civ. Prae. Act) proceeding brought on by an order to show cause by petitioner, Raymond Kropp, against the Common Council of the City of North Tonawanda, its Council President and Councilmen, and against Leo Sparks, Treasurer of the City of North Tonawanda. It is in the nature of a mandamus and it seeks an order directing that certain resolutions of the Common Council of the City of North Tonawanda, appointing a successor to Raymond Kropp, as *128 Chief Engineer of the Fire Department of the City of North Tonawanda, be declared null and void and that the City Treasurer be directed to make payment to the petitioner of his salary for all pay periods which have been withheld and, further, that the City Treasurer be directed to make payment to the petitioner in the future.
Petitioner alleg’es that on or about April 1, 1946, he entered the employ of the City of North Tonawanda as a driver in the Fire Department of that municipality; that for a period of about six years prior to September 8, 1960 he occupied the position of Chief Engineer of the said Fire Department. Petitioner alleged, and it is not denied, that he is a veteran of the Second World War entitled to all the civil service benefits to which a veteran is entitled.
Petitioner further alleges that on or about September 8, 1960, four of seven members of the Common Council of the City of North Tonawanda attempted “ irregularly, and illegally and without cause ” to replace him from his position as Chief Engineer by passing a resolution wherein he was ‘ ‘ replaced ’ ’ as such Chief Engineer. Petitioner alleges, and it is not denied, that he received no prior notice concerning his dismissal and had never been advised that charges of any nature had been placed against him. He asserts that the only statement made by any member of the Council was that the removal was “ for the best interests of the city as a whole ”. A certified copy of the resolution in question has been presented to the court and it provides as follows:
“ at a regular session of the Common Council of the City of North Tonawanda, New York, held on the 6th day of September, 1960, the following resolution was duly adopted:
‘ ‘1 Moved by Alderman Rumbold “ ‘ Resolved that Leonard J. Dreier be, and he hereby is, appointed Chief Engineer of the Fire Department replacing Raymond J. Kropp, effective immediately.
“ ‘ Ayes: Gillespie, Rumbold, Lemke, Lukasik (4) Nays: Klimek, Berhalter, Miranto (3)
Carried. ’ ’ ’
Petitioner contends that pursuant to section 13 of title III of the Charter of the City of North Tonawanda (L. 1907, ch. 752, as amd.), an officer of the said city may be removed from office for incompetency, misconduct in office, or neglect of duty after giving to such officer a copy of the charges against him in writing and an opportunity to be heard in his defense, in person or by counsel. All parties agree that no such formal charges were *129 preferred against petitioner and he was not afforded an opportunity to be heard.
Petitioner further contends that on September 16, 1960 the resolution of the Common Council appointing’ Dreier to replace him (Kropp) was vetoed by the Mayor of North Tonawanda. Thereafter, and on September 19,1960, the Council unanimously voted to receive and file the Mayor’s veto and message. From this, petitioner argues that the legal effect of the Mayor’s veto was to nullify the appointment of Leonard J. Dreier, as successor to petitioner.
Petitioner asserts that on September 20, 1960, he received a communication from the Mayor of the city instructing him to report immediately to his position as Chief Engineer of the Fire Department. Petitioner contends, and it is conceded that the City Treasurer has not made payment of salary to him since September 6, 1960.
From all of these facts, Raymond Kropp concludes that an inference has been created that he was guilty of misconduct in office and was removed for misconduct in office without an opportunity to be heard. Petitioner urges that this court enter an order directing the Common Council to rescind its resolution of September 6,1960, rescinds all actions appointing a new Chief Engineer of the Fire Department, direct the City Treasurer to make payments to the petitioner for salary wrongfully withheld until such time as petitioner is afforded an opportunity to be heard on charges which may be preferred against him.
The majority membership of the Council answer these allegations by claiming that under the Charter of the City of North Tonawanda, the Common Council is vested with the authority to appoint a Chief Engineer of the Fire Department “ who shall hold office at the pleasure of the Common Council.” The Council answers further that under charter provisions, resolutions for the appointment of officers made by the Council should not properly be submitted to the Mayor and therefore the Mayor’s veto message is without legal effect.
The Council further contends that inasmuch as the position of Chief Engineer of the Fire Department is exempt from civil service protection by the Civil Service Law, he is entitled to no special privileges as a veteran. Finally, the Council contends that the Chief Engineer was initially appointed to his position on December 15, 1955; that at that time the term of office was for one year only, and that under section 2 of title XVII of the charter, which was adopted in 1956, the petitioner’s term had boon concludod when his successor was appointed.
*130 I.
The vital question in this case turns upon an interpretation of the following language in two separate sections of the City Charter (as amd. by Local Laws, 1956, No. 2 of City of North Tonawanda; italics supplied):
“TITLE XVII ‘1 Fire Department
“ § 2. fire department. There shall be a fire department in such city, to consist of a chief engineer, who shall hold office at the pleasure of the common council and such other officers as the common council may by resolution from time to time designate and appoint, and a competent number of able-bodied men, citizens of the United States, and residents of said city, to be organized into companies with the approval of the common council. Vacancies in any company shall be filled by the common council upon the nomination of the company.
“ 3. powers and duties. The common council shall appoint the chief engineer, and such other officers as the common council may by resolution from time to time designate and appoint, and members of the fire department within the city, and may remove any person so appointed after notice and an opportunity to be heard in Ms defense, in person or bjr counsel.”
“TITLE III “ Officers
“ § 13. SUSPENSION AND REMOVAL OF OFFICERS. All officers of the city may be removed from office for incompetency, misconduct in office, or neglect of duty, after giving to such officer a copy of the charges against him in writing and an opportunity to be heard in Ms defense in person or by counsel. ’ ’
One of the fundamental rules in the interpretation of statutory material is that if possible all parts of an enactment shall be held harmonious with each other as well as with the general intent of the entire enactment. This rule is closely allied to the general principle that all parts of a statute shall be read together. Inconsistency in the same statute is thought to be contrary to the intent of the lawmakers and hence it is to be avoided. (See McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 98.)
It is the obligation of the court to preserve the paramount intention of the Charter so far as it is consistent with law. Applying this principle of statutory construction, we conclude *131 that it is possible to harmonize section 2 of title XVII of the Charter with section 3 of title XVII and with section 13 of title III, because the former section gives the Council the unrestricted right to appoint the official and the latter give it permissive methods of removal. Section 2 of title XVII of the Charter provides ‘ ‘ there shall be a Fire Department in such city, to consist of a chief engineer, who shall hold office at the pleasure of the common council”. The word “pleasure” indicates the intent of the Charter to give the Council unfettered control over appointment to this office.
The general rule is that unless the law otherwise provides, if the officer is appointed by a council and no definite term is prescribed, he holds at the will or pleasure of his appointing authority and the power of removal may lie exercised at any time by such agency. In such case, the power of removal is regarded as incident to the power of appointment. In brief, the power to appoint carries with it the power to remove. It folloAvs that power of removal may be exercised at any time, AAdthout notice, and without the necessity of proAdding formal procedure therefor. (See Myers v. United States, 272 U. S. 52; People ex rel. Corrigan v. Brooklyn, 149 N. Y. 215; People ex rel. Sims v. Fire Comrs., 73 N. Y. 437; 4 McQuillin, Municipal Corporations [3rd ed.], ch. 12, § 12.249, and Shurtleff v. United States, 189 U. S. 311.) Martin v. Aldermen of Newton (337 Mass. 544) held that appointments at the pleasure of the appointing power may be terminated at any time and Avithout notice. See, also, Jensen v. Independent Consolidated School District No. 85 (160 Minn. 233), which held that the appointing poAArer might discharge a superintendent of schools Avithout notice or hearing Avhere he serves at the “ pleasure ” of the appointing body, even though he was hired for a 36-month term. The court there found that the right of an appointing body to discharge a person serving at its ‘ ‘ pleasure ” “is a public right and exists for a public purpose ”. Thus, chief of police of a city Avho held office at pleasure of the city council could be dismissed by council Avithout cause and Avithout notice or hearing (HacJder v. Ward, 105 Cal. App. 2d 615). We hold therefore that petitioner served at the pleasure of the Council and was lawfully removed by the Council when it exercised its right to appoint a successor.
II.
Petitioner contends further that the action of the Common Council is a nullity because of the Mayor’s veto. However, section 5 of title V provides: “ § 5. mayor’s veto power. The *132 city clerk shall present each ordinance, resolution and audit of the common council, with the exception of rules adopted by that body for its procedure and resolutions for appointment of officers, to the mayor within three days after its passage ’ (Emphasis supplied.)
It is clear that the appointment by the Council of the petitioner’s successor should not have been referred to the Mayor for action and the Mayor’s veto is a nullity.
III.
Petitioner contends further that as an honorably discharged veteran of World War II, he is entitled to protection in his position. This argument fails for the reason that under section 15 of title III of the Charter (as amd. by Local Laws, 1950, No. 2 of City of North Tonawanda) the Chief Engineer of the Fire Department is head of his department; under section 9 (now § 35) of the Civil Service Law, a head of department receives no civil service protection, and under section 22 (now § 75) of the Civil Service Law, a veteran is not entitled to any protection if he is a “head of department”. (See Matter of Nowicki v. Heafy, 180 Misc. 184.) Therein the court held that section 22 of the Civil Service Law does not apply to veterans employed in the unclassified civil service. (See, also, People ex rel. Garvey v. Prendergast, 148 App. Div. 129, 133.)
IV.
Finally, counsel for petitioner argues that the answer submitted on the return day is defective for the reason that it failed to comply with section 1291 of the Civil Practice Act in that it was subscribed before a notary and was not verified, and is defective in that it was subscribed by the President of the Common Council alone, rather than the four members who constitute a majority of the Common Council. Upon oral argument, respondent’s counsel requested permission to amend his answering affidavit to constitute an answer. Permission was granted to do so and the court has before it an answer duly verified by each member of the majority of the Common Council and accepts it as a proper answer. See section 1294 of the Civil Practice Act, and Matter of Whaley v. Andrews (252 App. Div. 69 [1st Dept. 1937]) which held that a return should not have been stricken and a peremptory mandamus order entered where issues of fact were raised on the return as to whether petitioner’s removal was in compliance with law.
*133 Conclusion
We conclude that the Common Council of the City of North Tonawanda had legal authority under the Charter of the city to appoint a successor to Raymond Kropp “ at its pleasure ”; that Mr. Kropp’s replacement does not raise any question of his misconduct or failure to perform his duties adequately, but rather is a question of appointive discretion. He had no privileged standing as a veteran, because he held appointment in the class exempt from civil service, the Mayor’s veto is a nullity, and therefore the relief prayed for is denied.