■ ALBERT V. RANDACCIO, Respondent, v. RETAIL CREDIT COMPANY, Appellant.— Order insofar as it grants plaintiff's motion unanimously reversed, and motion denied, without prejudice to an application to amend the complaint, and otherwise order affirmed, without costs. Memorandum: Plaintiff alleged in his complaint that he was a licensed insurance agent and president of the Rand Agency, Inc. (Rand). He further alleged that he and Joseph DiGiore, who had an insurance agency through which plaintiff wrote business, made an application to write insurance for the United States Fidelity and Guaranty Company (USF & G) which as part of its licensing procedure, requested the Retail Credit Company, the defendant in connection with this application, to prepare a credit report on Rand within the statutory definition of that term as set forth in subdivision (c) of section 371 of the General Business Law. Plaintiff additionally claimed that defendant was a credit bureau within the statutory definition in subdivisions (c) and (d) of section 371, that such report was erroneous, false or misleading, that he had demanded of defendant the source of the information contained in the report but it had been refused and that, based upon the report, the USF & G requested that he withdraw the Rand application, which he did to his damage. Defendant substantially denied the allegations of plaintiff's complaint and set forth as affirmative defenses that neither it nor the report came within the provisions of the General Business Law as claimed by plaintiff, that the report was, in any event, furnished without malice and its communication to USF & G was privileged. Plaintiff, by motion, sought to require defendant to produce at an examination before trial material in its possession which provided the basis for the report. Defendant cross-moved for a protective order, an order of preclusion for plaintiff's failure to serve a sufficient bill of particulars, and for a further bill. Special Term, in a memorandum decision, discussed plaintiff's complaint in terms of article 25 of the General Business Law, granted plaintiff's motion for discovery and denied defendant's motions for orders of protection, preclusion and for a further bill of particulars, and issued an order on the basis of the memorandum decision which it " made a part of this Order and is attached hereto ". One might construe Special Term's memorandum decision as entitling plaintiff to relief under article 25 of the General Business Law rather than merely as an action brought under that law. We do not construe it in that manner and, in any event, it was improper to include in Special Term's order its memorandum decision by reference. CPLR 3101 (subd. [a]) requires disclosure of all evidence material and necessary to the prosecution of an action. " Material and necessary " has been defined as that which has a bearing on the controversy and sharpens the issues (*Allen* v. *Crowell-Collier Pub. Co.*, 21 N Y 2d

403). The sole issues, as framed by the pleadings, are whether article 25 of the General Business Law applies and, if so, whether it was violated giving rise to an action for damages. Plaintiff is not entitled to disclosure of the material sought on the basis that his complaint states a cause of action for libel. Libel is not at issue here. Plaintiff does not allege in his complaint any words claimed to be libelous as required by CPLR 3016 (see 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3016.10) and the statutory rule requiring liberal construction of pleadings cannot salvage such a defect. In *Seltzer* v. *Fields* (20 A D 2d 60, 63) the court stated: "The exact language constituting the libel must be pleaded (e.g., *Brandt* v. *Winchell*, 3 N Y 2d 628, 636; *Langert* v. *Scalamandre*, 9 A D 2d 647). Moreover, present practice requires that plaintiff allege the time, manner, and the persons to whom the publication was made (e.g., *Wesson* v. *Dullzell*, 8 A D 2d 597)". Defendant is neither under an obligation to move for a dismissal of the complaint under CPLR 3211 (subd. [a]) nor to move for a more definite complaint under CPLR 3024 (subd. [a]). The inadequacy of the complaint as stating a cause of action in libel is evident upon its face and free from doubt (CPLR 3016.10; *Seltzer* v. *Fields, supra*). Since the disclosure sought by the plaintiff is not relevant to an action under the General Business Law but to an action for libel, plaintiff's application should be denied, and defendant's application for an order of preclusion and for a further bill of particulars is also without basis and was properly denied, all without prejudice to an application to amend the complaint. (Appeal from order of Erie Special Term granting motion for production of records.) Present — Goldman, P. J., Del Vecchio, Marsh, Witmer and Moule, JJ.