## Fourth Department, December, 1975

### (December 5, 1975)

■ The People of the State of New York, Respondent, v Raymond Dailey, Appellant.—Judgment unanimously reversed, on the law and facts, and indictments dismissed. Memorandum: Defendants were convicted on a jury verdict of guilty of attempted burglary in the third degree. They contend that the court erred in its charge with respect to attempted criminal trespass in the third degree as a lesser included crime. The court correctly charged that intent to commit a crime after entering was an element of the crime of attempted burglary third, but not of attempted criminal trespass third. Defendants also contend that the verdict was not supported by the evidence. We agree. There was no direct evidence that a burglary or attempted burglary had been committed. The evidence against defendants that they tried to enter the rear of a gas station was wholly circumstantial. A neighbor witness testified that she saw two people running close to the front of the gas station, but she could not identify them and did not know whether either was carrying anything. After the neighbor called to report what she had seen, defendants were found seated in defendant Dailey's car in a parking lot nearby. They explained that they had been working on the car that afternoon because of its bad brakes, and that on driving the car down the hill near the parking lot that evening the brakes had failed and they drove into the lot to stop it. They stated that they had only been there two minutes before the police arrived. A jack handle found in the car by the police fit into a fresh pry mark on the doorstop to the lavatory in the rear of the gas station. A particle of paint of the same nature as that on the gas station door was found on the jack handle, but that could have become attached thereto when the police fitted the handle into the pry mark to test it. There also was evidence that this was a common type of paint. Footprints in wet grass were found between the station and the parking lot, and the police testified that defendants' feet were wet. Defendants denied that their feet were wet, except that one testified that he had got his feet wet a few hours before. Police test of the car brakes corroborated defendants' testimony that the brakes were weak and nearly nonexistent. In the absence of factual evidence that a crime of burglary or attempted burglary was committed (i.e. entry with intent to steal) or that defendants were near the rear door of the gas station, the circumstantial evidence above recited was not sufficient to convict defendants of attempted burglary in the third degree. Defendants may well have tried to enter the rear of the gas station, but the jury were only able to arrive at that conclusion on this evidence by speculating and by drawing inference upon inference (see *People v Benzinger,* 36 NY2d 29, 32). The evidence was insufficient to establish defendants' guilt beyond a reasonable doubt. (Appeal from judgment of Yates County Court adjudicating defendant

a youthful offender.) Present—Marsh, P. J., Moule, Goldman, Del Vecchio and Witmer, JJ.