■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFERY WOODARD, Appellant.—Judgment unanimously reversed, on the law and facts, and indictment dismissed. Same memorandum as in *People v Daïley* (50 AD2d 1056). (Appeal from judgment of Yates County Court, adjudicating defendant a youthful offender.) Present—Marsh, P. J., Moule, Goldman, Del Vecchio and Witmer, JJ.

■ FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF SYRACUSE, Respondent, v IVY RIDGE, INC., et al., Defendants, and LEONARD C. RINALDO, SR., Appellant.—Judgment unanimously affirmed, with costs, upon the opinion at Special Term, Boomer, J. (Appeal from part of judgment of Cayuga Supreme Court in mortgage foreclosure action.) Present—Marsh, P. J., Moule, Goldman, Del Vecchio and Witmer, JJ. [76 Misc 2d 208.]

■ JOSEPH SCHWARTZ et al., Appellants, v WILLIAM ANDREWS, Respondent. (Appeal No. 1.)—Order and judgment unanimously affirmed, with costs. Memorandum: Since the complaint fails to set forth the particular words of defendant Andrews alleged to be libelous, it should be dismissed (CPLR 3016, subd [a]; *Randaccio v Retail Credit Co.,* 43 AD2d 798). The complaint is additionally defective for failing to set forth the time, manner and persons to whom the libelous publication was made *(Seltzer v Fields,* 20 AD2d 60). A motion to dismiss for failure to plead a cause of action pursuant to CPLR 3211 (subd [a], par 7) may be treated as a motion for summary judgment (CPLR 3211, subd [c]). Based on the existing record plaintiffs have raised no triable issue of fact concerning liability of either defendant Andrews or defendant Royal Globe Insurance Company concerning the television broadcast. The only connection asserted was Andrews' admission that he had talked to a reporter prior to the broadcast as had the plaintiff, Joseph Schwartz, by Schwartz's own admission. Plaintiffs have involved defendants in a libel action without any factual showing connecting defendant Andrews with the news broadcast upon which the action is based. Plaintiffs, if they properly could not plead a cause of action against defendants could have moved for disclosure prior to commencing their action pursuant to CPLR 3102 (subd [c]). They have failed to state a cause of action in libel and have failed to set forth in affidavit form factual allegations which would indicate that they could, upon being granted leave to replead, set forth a cause of action. In this posture no triable issue of fact exists and summary judgment was properly granted defendants *(Bachrach v Farbenfabriken, Bayer AG,* 36 NY2d 696). (Appeal from order and judgment of Onondaga Supreme Court in action for damages for defamation.) Present—Marsh, P. J., Moule, Goldman, Del Vecchio and Witmer, JJ.

■ JOSEPH SCHWARTZ et al., Appellants v ROYAL GLOBE INSURANCE COMPANY, Respondent. (Appeal No. 2.)—Order and judgment unanimously affirmed, with costs. Same memorandum as in *Schwartz v Andrews* (50 AD2d 1057). (Appeal from order and judgment of Onondaga Supreme Court in action for damages for defamation.) Present—Marsh, P. J., Moule, Goldman, Del Vecchio and Witmer, JJ.